In the Matter of PATRICK P. DeNERO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 19, 1986

**APPEARANCES OF COUNSEL**

*Paul J. Ginnelly* for petitioner.

*Patrick P. DeN*ero, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent is an attorney admitted to practice in New York by this court on June 21, 1983. He is charged by the Grievance Committee of the Fifth Judicial District with violations of the Disciplinary Rules of the Code of Professional Responsibility, specifically DR 6-101 (A) (3), neglecting a legal matter entrusted to him; 22 NYCRR 1022.8, failing to make a scheduled court appearance; and 22 NYCRR 1022.11, failing to represent a defendant until the matter has been terminated.

Under the Onondaga County Bar Association Assigned Counsel Program, respondent was assigned to represent several defendants charged with felonies. Additionally, he was retained by several persons charged with felonies and paid substantial retainers. In September 1985 respondent left Syracuse and went to California without notifying his clients or the court and without providing for substitute counsel. As a result, his clients suffered adverse consequences and bench warrants were issued for some of them for failure to appear. Eventually, new counsel was assigned or procured for each of them and respondent has reimbursed his clients who had paid him a retainer. When respondent appeared before petitioner in January 1986 in answer to these charges, he claimed that he had left Syracuse out of fear of physical harm.

In his amended answer, respondent generally admits the allegations in the petition. In mitigation, respondent urges that his absence from Syracuse was the result of personal pressures resulting from his mother's death, difficulties in his law practice, and his perception that his physical safety was threatened.

It is undisputed that respondent neglected a substantial number of legal matters in which his clients were charged with serious felonies and that they suffered adverse consequences as a result. Although respondent offers by way of mitigation that he was undergoing personal problems and perceived that he was being threatened, there is no adequate excuse for not notifying his clients that he could no longer represent them or notifying the courts of his impending departure.

We find that respondent is guilty of professional misconduct

as charged in the petition and he is suspended from the practice of law for a period of one year and until the further order of this court.

DILLON, P. J., CALLAHAN, DOERR, DENMAN and BOOMER, JJ., concur.

Order of suspension entered.